UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORMA C. MOLINA; PRECIOUS M. VALBUENA, <br><br>                    Plaintiffs, <br><br>     v. <br><br> JP MORGAN CHASE BANK, et al., <br><br>                    Defendants. | Case No.: 10-CV-5846-LHK <br><br> ORDER DISMISSING FEDERAL CLAIMS WITH LEAVE TO AMEND IN PART <br><br> (re: docket #14) |

Plaintiffs Norma Molina and Precious Valbuena, proceeding *pro se*, bring suit against defendants JP Morgan Chase Bank ("JP Morgan"), Washington Mutual Bank ("Washington Mutual"), California Reconveyance Company ("CRC"), Quality Loan Service Corporation, DMN Luong Investment LLC, and Naim LLC for damages and injunctive relief. Defendants JP Morgan and CRC move to dismiss Plaintiffs' Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have not opposed Defendants' motion. Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument and vacates the motion hearing and case management conference scheduled for March 10, 2011. Because Plaintiffs have not stated a federal claim under the Truth in Lending Act ("TILA") or the Real Estate Settlement Procedures Act ("RESPA"), the Court dismisses these claims with leave to

1

amend in part.  If Plaintiffs cannot remedy the deficiencies in these federal claims, the Court will decline to assert jurisdiction over the remaining state-law claims, and will remand this case to state court.

## I. Background

This action arises out of a loan transaction for $400,000, secured by real property located at 2086 Cranworth Circle, San Jose, California 95121 ("the Property").  Compl. ¶ 1-2.  Plaintiffs entered into the loan and security agreement with Washington Mutual Bank on or about April 28, 2008.[1]  Compl. ¶ 2.  It appears that Plaintiffs subsequently defaulted on the loan, and, as a result, non-judicial foreclosure proceedings were initiated.  Compl. ¶¶ 175-77.  The Property was sold in a foreclosure sale, and a Trustee's Deed Upon Sale was recorded on September 8, 2010.  Defs.' Req. for Judicial Notice ("RJN"), Ex. 5, Dkt. No. 6.

On October 25, 2010, Plaintiffs, proceeding *pro se*, filed a complaint in Santa Clara County Superior Court alleging twenty-four causes of action.  Of these, only two appear to be federal claims: the fifth cause of action for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the sixth cause of action for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*[2]  Defendants JP Morgan and CRC removed this action to federal court on December 22, 2010, on the basis of federal question jurisdiction.[3]  Defendants JP

---

[1] Plaintiffs name "JP Morgan Chase Bank, a National Association f/k/a Washington Mutual Bank" as the original mortgage lender.  Compl. ¶¶ 2-3.  Plaintiffs refer to "JP Morgan" throughout the Complaint and do not distinguish between actions taken by Washington Mutual and actions taken by JP Morgan.  As discussed in more detail below, materials submitted by JP Morgan and properly subject to judicial notice make clear that Washington Mutual originated Plaintiffs' loan.  JP Morgan later acquired Washington Mutual's assets, including the loan at issue in this action.

[2] A number of Plaintiffs' state-law claims allege TILA or RESPA violations as one of several bases for the state-law claim.  For instance, Plaintiffs' first cause of action seeks a declaration that Defendants' power of sale is void on grounds that Defendants' violated TILA, RESPA, provisions of the California Civil Code, and the California Business and Professions Code.  Compl. ¶ 52.  Because the Court finds Plaintiffs' TILA and RESPA claims insufficient, Plaintiffs cannot rely on TILA and RESPA violations, as currently pled, as the basis for any of their state-law claims.  However, as these claims also assert separate state-law grounds for relief, the Court does not reach the merits of these claims at this time.

[3] Because the other Defendants identified by Plaintiff were not served in the state court action, Defendants JP Morgan and CRC were not required to seek their joinder in removal.  *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("a party not served need not be joined" in a petition for removal).  There is no indication that Defendants Quality Loan

1  Morgan and CRC then moved to dismiss the Complaint on December 29, 2010.  Plaintiff has failed
2  to oppose Defendants' motion or to file a statement of non-opposition as required by Civil Local
3  Rule 7-3(b).  On February 18, 2011, Defendants filed a notice citing Plaintiffs' failure, but
4  Plaintiffs have still not responded to the Motion.  Dkt. No. 17.  It appears that Plaintiffs have
5  vacated the property at 2086 Cranworth Circle without providing either Defendants or the Court
6  with an updated address, and Defendants have therefore been unable to contact Plaintiffs
7  concerning this lawsuit since its removal to federal court.[4]  Decl. of Angela Kleine in Supp. of Case
8  Mgt. Conference Statement, Dkt. No. 20.

## II.  Legal standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.

"Although a pro se litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  *Brazil v. United States Dep't of*

---

Service Corporation, DMN Luong Investment LLC, and Naim LLC have ever been served.  Thus, the Court uses "Defendants" to refer only to JP Morgan and CRC, unless otherwise noted.

[4] The Court reminds Plaintiffs that they have a duty to promptly notify the Court and all opposing parties of a change in address, and that the Court may dismiss a complaint if mail is returned undeliverable and the Court does not receive a Notice of Change of Address within 60 days.  Civ. L.R. 3-11.

3

Case No.: 10-CV-5846-LHK
ORDER DISMISSING FEDERAL CLAIMS WITH LEAVE TO AMEND IN PART

*Navy*, 66 F.3d 193, 199 (9th Cir. 1995). If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If amendment would be futile, however, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

**III. Request for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are, however, two exceptions to the general rule forbidding consideration of extrinsic evidence on a 12(b)(6) motion. *Id.* at 688. First, a court may take judicial notice of matters of public record outside the pleadings. *Id.* at 689. Second, a court may consider "material which is properly submitted as part of the complaint." *Id.* at 688 (internal quotation marks omitted). Such consideration may extend to documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998) (internal quotation marks omitted), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

Here, Defendants request that the Court take judicial notice of: (1) Plaintiff's executed Deed of Trust, which was publicly recorded in the Office of the Santa Clara County Recorder on April 28, 2008; (2) a Notice of Default and Election to Sell Under Deed of Trust, which was publicly recorded in the Office of the Santa Clara County Recorder on February 11, 2010; (3) a Notice of Trustee's Sale, which was publicly recorded in the Office of the Santa Clara County Recorder on May 14, 2010; (4) a second Notice of Trustee's Sale, which was publicly recorded in the Office of the Santa Clara County Recorder on July 21, 2010; (5) a Trustee's Deed Upon Sale, which was publicly recorded in the Office of the Santa Clara County Recorder on September 10, 2010; (6) the Order from the Office of Thrift Supervision ("OTS") appointing the FDIC as Receiver of Washington Mutual Bank, available on OTS's website; and (7) the Purchase and Assumption Agreement between the Federal Deposit Insurance Organization and JP Morgan Chase Bank, dated September 25, 2008, available on the FDIC's website. The Court agrees that each of

4

these documents is a matter of public record "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (2009). Accordingly, the Court GRANTS Defendants' request for judicial notice.

**IV. Discussion**

Defendants JP Morgan and CRC move to dismiss all twenty-four causes of action in Plaintiffs' Complaint. The vast majority of these claims assert violations of state law, rather than federal law. The Court agrees with Defendants that Plaintiffs' federal claims, as currently pled, are insufficient to state a claim for relief. In the absence of viable claims for relief under federal law, the Court is not inclined to exercise supplemental jurisdiction over the remaining state law claims. *See Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S.Ct. 1862, 1866-67 (2009); 28 U.S.C. § 1367(c). Accordingly, the Court will address only the federal causes of action asserted under TILA and RESPA at this time.

**A. Federal Claims Against JP Morgan are Dismissed with Prejudice**

Plaintiffs' fifth cause of action for violations of TILA and sixth cause of action for violations of RESPA are based on allegations relating the origination of Plaintiffs' loan. *See* Compl. ¶¶ 74-76, 86-89 (describing misrepresentations and non-disclosures allegedly made by JP Morgan during the origination of Plaintiffs' loan). The Court agrees with Defendants that JP Morgan cannot be held liable for such origination-related claims. Plaintiffs' loan was secured by a deed of trust recorded on April 28, 2008, identifying Washington Mutual as the beneficiary, Plaintiffs as the borrowers, and CRC as the trustee. RJN Ex. 1. JP Morgan appears to have had no involvement with Plaintiffs' loan until it acquired the assets of Washington Mutual in September 2008, approximately five months after Plaintiffs' deed of trust with Washington Mutual was recorded.

Under its Purchase and Assumption Agreement with the FDIC, JP Morgan disclaimed any liability to borrowers for claims related to loans made by Washington Mutual before September 25, 2008, and arising out of Washington Mutual's lending activities. RJN Ex. 7, at 9. Thus, as numerous courts, including this Court have held, JP Morgan cannot be held liable for claims

5
Case No.: 10-CV-5846-LHK
ORDER DISMISSING FEDERAL CLAIMS WITH LEAVE TO AMEND IN PART

arising out of Washington Mutual's actions or practices in the origination of the loan. *See, e.g.*, *Tang v. Cal. Reconveyance Co.*, No. 10-CV-03333-LHK, 2010 WL 5387837, at *3 (N.D. Cal. Dec. 22, 2010); *Hilton v. Wash. Mut. Bank*, No. C 09-1191 SI, 2009 WL 3485953, at *2-3 & n.5 (N.D. Cal. Oct. 28, 2009) (Illston, J.); *Molina v. Wash. Mut. Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *4 (S.D. Cal. Jan. 29, 2010). Because Plaintiffs' TILA and RESPA claims are based upon allegations related to the origination of their loan by Washington Mutual in April 2008, Plaintiffs may not maintain these claims against JP Morgan. Plaintiffs cannot cure this defect without fundamentally altering the nature of their TILA and RESPA claims. Accordingly, Plaintiffs' fifth cause of action under TILA and sixth cause of action under RESPA are DISMISSED with prejudice as to Defendant PJ Morgan.

**B. Federal Claims Against CRC are Dismissed with Leave to Amend**

Defendant CRC also moves to dismiss Plaintiffs' Complaint. Although each of Plaintiffs' causes of action is asserted against "all defendants," the Complaint contains no factual allegations regarding the actions of CRC. Unlike Defendant JP Morgan, CRC is not named in any of the relevant paragraphs. There is no indication that CRC was directly involved in either the origination of Plaintiffs' loan or the foreclosure process, and the Complaint contains no allegations regarding CRC's role in the violations alleged. Plaintiffs' only allegation as to CRC is that CRC was the original trustee of the loan. Compl. ¶ 4. Indeed, Plaintiffs' claims challenging foreclosure name Quality Loan Service, not CRC, as the trustee that provided notice of default and sale. Compl. ¶¶ 45-47; *see also* RJN Ex. 2-5 (identifying Quality Loan Service as trustee and authorized agent on foreclosure-related notices and trustee's deed). Because the Court cannot assume facts that are not alleged, Plaintiffs fail to establish that the CRC may be subject to liability under RESPA or TILA. Accordingly, Plaintiffs' fifth and sixth causes of action for violations of TILA and RESPA are DISMISSED as to Defendant CRC. Because it is possible that Plaintiffs could cure the deficiencies in their federal claims against CRC, the Court grants Plaintiffs leave to amend their federal claims as to Defendant CRC only.

//

//

**V. Conclusion**

For the foregoing reasons, the Court DISMISSES Plaintiffs' federal causes of action. Specifically, the Court dismisses Plaintiffs' fifth cause of action for TILA violations and sixth cause of action for RESPA violations. These claims are dismissed with prejudice as to Defendant JP Morgan. The Court grants leave to amend the claims against CRC. **Plaintiff shall file an amended complaint addressing the deficiencies identified herein within 30 days of the date of this Order**. Plaintiffs may not add new claims or parties without seeking the opposing parties' consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15. The hearing and case management conference previously set for March 10, 2011 are hereby VACATED.

As previously noted, the vast majority of Plaintiffs' claims assert violations of state law, rather than federal law. The Court finds that unless Plaintiffs can amend the complaint to state a viable claim for violations of federal law, the Court is not inclined to exercise supplemental jurisdiction over the remaining state law claims. *See Carlsbad Tech*., *Inc*. *v*. *HIF BIO*, *Inc*., 129 S. Ct. 1862, 1866-67 (2009); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). Accordingly, if Plaintiffs fail to amend the complaint to state a federal claim (or if Plaintiffs fail to file an amended complaint within 30 days), the Court will remand this matter to the Superior Court for Santa Clara County.

**IT IS SO ORDERED.**

Dated: March 7, 2011

_____
LUCY H. KOH
United States District Judge